**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DAVID BERGER et. al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:04-CV-277 |
| | ) | |
| OHIO TABLE PAD COMPANY, et. al | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiffs filed their Complaint on August 18, 2005. The Complaint states a claim for patent infringement and seeks a declaratory judgment that the Defendants' Patent Number 6,919,116 is invalid.[1] The parties motions for summary judgment are pending before the Court.

Subject matter jurisdiction over patent infringement claims exists under 28 U.S.C. § 1338, and the Plaintiffs have brought an infringement claim under 35 U.S.C. § 271. Subject matter jurisdiction to consider requests for declaratory judgment exists if the requirements of 28 U.S.C. § 2201(a) are met. The court in *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999), explained those requirements as they are applicable in a patent case:

> Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (1994), a district court has jurisdiction over a declaratory judgment action only when there is an "actual controversy." "Whether an actual controversy exists upon particular facts is a question of law, and is subject to plenary appellate review." *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993). For an actual controversy to exist, "[t]here must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Id.* at 978.

*Id.* at 855. The Court is aware of no evidence in the record to support either of these requirements.

---

[1] The Defendants have obtained a second patent, Patent Number 7,018,693, which the Plaintiffs have not yet claimed to be invalid.

The Plaintiffs have asserted no facts in their amended complaint suggesting they have a reasonable apprehension that the Defendants will bring an infringement suit against them. It is also unclear to the Court whether the Plaintiffs have engaged in any conduct that could constitute infringement of the Defendant's patent.

As an alternative, the Court would have subject matter jurisdiction to consider the validity of the Defendants' patent if the Plaintiffs could establish that the Defendants' patent interferes with the Plaintiffs' patent, as allowed by 35 U.S.C. § 291 ("The owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part."). However, there has been no discussion concerning whether the patents are interfering patents, which must be shown for the Court to have subject matter jurisdiction to consider the validity of the Defendants' patent. *Albert v. Kevex Corp.*, 729 F.2d 757, 760–61 (Fed. Cir. 1984) ("Absent interference, a court has no power under § 291 to adjudicate the validity of any patent.").

At this time, it is unclear whether the Court has subject matter jurisdiction to consider the validity of the Defendants' patent. Therefore, the Plaintiffs must show that the § 2201(a) requirements are met, that the Defendants' patent interferes with their own patent, or present some other basis for subject matter jurisdiction.

A telephone conference is SET for Tuesday, March 27, 2007 at 10:30 AM Fort Wayne time before Judge Theresa L. Springmann to determine a briefing schedule or a hearing date to address the Court's subject matter jurisdiction to consider the validity of the Defendants' patent.

SO ORDERED on March 15, 2007.

   /s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT